IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

MARK JASON SEARS                                           PLAINTIFF

v.                     Civil No. 06-3066

JIM ROSS, Berryville
Police Department                                      DEFENDANT

### **REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Mark Jason Sears, an inmate of the Arkansas Department of Correction, brings this pro se civil rights action pursuant to 42 U.S.C. § 1983. His complaint was filed in forma pauperis (IFP) and it is now determined whether it should be served upon the defendant.

### **I. Background**

On September 28, 2006, Mark Jason Sears was incarcerated at the Carroll County Detention Center. At approximately 8:30 a.m., Sears alleges Officer Jim Ross had him called up to the front of the jail.

According to Sears, Ross then proceeded to question Sears about a case and criminal charges Ross had against Sears. Sears' attorney was not present. Sears maintains Ross also threatened Sears by saying he had better not catch Sears on the streets when he got out of prison.

Ross allegedly also told Sears he had better move away from Berryville. Sears states he is incarcerated in the Arkansas Department of Correction due to his parole being violated the night Jim Ross pulled him over for several traffic violations and a felony charge.

-1-

## II. Discussion

Sears' claims are subject to dismissal. First, Sears' claims based on his post-arrest interrogation are subject to dismissal. The only remedy for a *Miranda* [*Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966)]violation is the exclusion from evidence of any compelled testimony. *Warren v. City of Lincoln*, 864 F.2d 1436, 1442 (8th Cir. 1989)(en banc).

Second, Sears' allegations of general harassment, verbal harassment, and abuse do not state claims cognizable under § 1983. *See e.g., Kurtz v. City of Shrewsbury*, 245 F.3d 753, 758-759 (8th Cir. 2001)("Furthermore, any alleged verbal harassment, in the form of threats and unflattering remarks directed at plaintiffs, does not rise to the level required to establish a constitutional violation."); *Martin v. Sargent*, 780 F.2d 1334, 1339 (8th Cir. 1985)("Verbal threats do not constitute a constitutional violation."). Similarly, taunts, name calling, and the use of offensive language does not state a claim of constitutional dimension. *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993)(inmate's claims of general harassment and of verbal harassment were not actionable under § 1983); *O'Donnell v. Thomas*, 826 F.2d 788, 790 (8th Cir. 1987)(verbal threats and abuse by jail officials did not rise to the level of a constitutional violation); *Martin*, 780 F.2d at 1338-1339 (being called an obscene name and threatened with adverse consequences unless he cut his hair and shaved does not state a claim of constitutional dimension); *Black Spotted Horse v. Else*, 767 F.2d 516, 517 (8th Cir. 1985)(use of racially offensive language in dealing with a prisoner does not, by itself, state a claim). *Cf. Burton v. Livingston*, 791 F.2d 97, 100-101 (8th Cir. 1986)(A claim was stated where the prisoner alleged "that a prison guard, without provocation, and for the apparent purpose of retaliating against the

AO72A
(Rev. 8/82)

prisoner's exercise of his rights in petitioning a federal court for redress, terrorized him with threats of death.").

### III. Conclusion

I therefore recommend the case be dismissed on the grounds the claims are frivolous and fail to state claims upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)(IFP action, or any portion thereof, may be dismissed on such grounds at any time).

**Sears has ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Sears is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 28th day of November 2006.

/s/ Beverly Stites Jones
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)